# UNITED STATES DISTRICT COURT
для the
## Western District of Kentucky
## Louisville Division

| | |
|---|---|
| Dustin Harrison<br>   *Plaintiff*<br><br>v.<br><br>ICS Capital, LLC<br>   *Defendant*<br>Serve:<br>   National Registered Agents, Inc.<br>   1999 Bryan Street, Suite 900<br>   Dallas, TX 75201<br><br>Financial Accounts Service Team, Inc.<br>   *Defendant*<br>Serve:<br>   Financial Accounts Service Team, Inc.<br>   8300 Kingston Pike<br>   Knoxville, TN 37919 | Case No.   3:18-cv-00368-CHB |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1. This is a complaint for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; and the FDCPA, 15 U.S.C. §1692k(d). Venue is proper, because the nucleus of relevant fact and events that affected and damaged Plaintiff occurred within Jefferson County, Ky., which is located within this District.

### PARTIES

3. Plaintiff Dustin Harrison is a natural person who resides in Jefferson County, Ky. Mr. Harrison is a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(c).

4. Defendant, ICS Capital, LLC ("ICS"), is a Texas limited liability corporation whose principal place of business is located in Lake Dallas, TX. ICS has not registered with the Kentucky Secretary of State. ICS is engaged in the business of collecting debts from Kentucky citizens and consumers on the behalf of creditors.

5. ICS is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

6. Defendant Financial Accounts Service Team, Inc. ("FAST") is a Tennessee corporation whose principal place of business is located at 8300 Kingston Pike, Knoxville, TN 37919. FAST has not registered with the Kentucky Secretary of State. FAST is engaged in the business of collecting debts from Kentucky citizens and consumers on the behalf of creditors.

7. FAST is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) because it regularly collects consumer debts of individual natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## STATEMENT OF FACTS

8. Like many of his fellow citizens Plaintiff Harrison was significantly negatively affected by the Great Recession which caused him financial difficulties.

9. Mr. Harrison tried to lift himself out of his financial difficulties but was unable to do so and therefore reluctantly filed for Chapter 7 Bankruptcy relief by petition filed on December 14, 2017 in the U.S. Bankruptcy Court for the Western District of Kentucky under case number 17-34006-thf (the "Harrison Bankruptcy").

10. The Bankruptcy Court entered a discharge in Mr. Harrison's Bankruptcy on March 13, 2018 (the "Discharge").

11. The Discharge completely discharged Mr. Harrison's obligations on all of his unsecured debts he incurred on or before he filed his bankruptcy petition, with exceptions for certain debts like domestic support obligations, priority tax debts, and student loan debts.

12. In a letter dated March 29, 2018, Defendant ICS Capital, LLC ("ICS") sent Mr. Harrison a dunning letter in attempt to collect a U.S. Bank overdraft charge (the "ICS Letter").

13. The overdraft charges at issue in the ICS Letter were incurred prior to December 14, 2017.

14. Mr. Harrison used the U.S. Bank account at issue for personal, family, and/or household purposes, which makes the U.S. Bank account overcharges a "debt" within the meaning of the FDCPA.

15. The U.S. Bank account overcharges at the basis of ICS's demand for payment in the ICS Letter were discharged in the Harrison Bankruptcy at the time ICS attempted to collect the U.S. Bank account overcharges from Mr. Harrison.

16. In a letter dated April 26, 2018, Defendant Financial Accounts Service Team, Inc. ("FAST") sent Mr. Harrison a dunning letter attempting to collect a debt on behalf of Kroger Food Stores (the "First FAST Letter").

17. The First FAST Letter was FAST's initial communication with Mr. Harrison within the meaning of the FDCPA, 15 U.S.C. § 1692g.

18. On May 1, 2018, undersigned counsel sent FAST a timely debt-validation and dispute letter under § 1692g.

19. FAST sent a response letter to counsel dated May 10, 2018 (the "Second FAST Letter").

20. The Second FAST Letter noted that the debt consisted of four returned checks with a total balance due of $434.

21. The four returned checks were all dated December 2015, which was two years before Mr. Harrison filed for Chapter 7 Bankruptcy relief in the Harrison Bankruptcy.

22. The four returned checks were incurred for purposes of purchasing goods that were used for personal, family, and/or household purposes, which makes the returned checks each a "debt" within the meaning of the FDCPA.

23. The debt arising out of the returned checks at the basis of FAST's demands for payment in the First FAST Letter and the Second FAST Letter were discharged in the Harrison Bankruptcy at the time FAST attempted to collect the debt from Mr. Harrison.

24. ICS violated the FDCPA by attempting to collect a discharged debt from Mr. Harrison and by misrepresenting the legal status of the U.S. Bank overcharges in the ICS Letter.

25. FAST violated the FDCPA by attempting to collect discharged debts from Mr. Harrison, by misrepresenting the legal status of the returned checks in the First FAST Letter and the Second FAST Letter, and by falsely verifying and validating discharged debts in its May 10th debt-validation response in the Second FAST Letter.

## CLAIMS FOR RELIEF

I. **Claims against ICS Capital, LLC**

26. The foregoing acts and omissions of Defendant ICS Capital, LLC ("ICS") constitute violations of the FDCPA. ICS's violations of the FDCPA include, but are not limited to, the following:

   a) Violation of 15 U.S.C. § 1692e by attempting to collect a debt discharged in the Harrison Bankruptcy from Mr. Harrison, and by misrepresenting the legal status of the U.S. Bank debt to Mr. Harrison, thus using false, deceptive, or misleading representation or means in connection with the collection of the U.S. Bank debt;

   b) Violation of 15 U.S.C. § 1692e(2)(A) by attempting to collect a debt discharged in the Harrison Bankruptcy from Mr. Harrison, and by misrepresenting the legal status of the U.S. Bank debt to Mr. Harrison, thus falsely representing the character, amount, or legal status of the U.S. Bank debt;

   c) Violation of 15 U.S.C. § 1692e(5) by attempting to collect a debt discharged in the Harrison Bankruptcy from Mr. Harrison, and by misrepresenting the legal status of the U.S. Bank debt to Mr. Harrison, thus threatening to take an action that cannot legally be taken;

   d) Violation of 15 U.S.C. § 1692f by attempting to collect a debt discharged in the Harrison Bankruptcy from Mr. Harrison, and by misrepresenting the legal status of the U.S. Bank debt to Mr. Harrison, thus using unfair or unconscionable means to collect or attempt to collect the U.S. Bank debt; and

   e) Violation of 15 U.S.C. § 1692f(1) by attempting to collect a debt discharged in the Harrison Bankruptcy from Mr. Harrison, and by misrepresenting the legal status of the U.S. Bank debt to Mr. Harrison, thus attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

II. **Claims against Financial Accounts Service Team, Inc.**

27. The foregoing acts and omissions of Defendant Financial Accounts Service Team,

Inc. ("FAST") constitute violations of the FDCPA. FAST's violations of the FDCPA include, but are not limited to, the following:

    a)    Violation of 15 U.S.C. § 1692e by attempting to collect a debt discharged in the Harrison Bankruptcy from Mr. Harrison, and by misrepresenting the legal status of the returned check debt to Mr. Harrison, thus using false, deceptive, or misleading representation or means in connection with the collection of the returned check debt;

    b)    Violation of 15 U.S.C. § 1692e(2)(A) by attempting to collect a debt discharged in the Harrison Bankruptcy from Mr. Harrison, and by misrepresenting the legal status of the returned check debt to Mr. Harrison, thus falsely representing the character, amount, or legal status of the returned check debt;

    c)    Violation of 15 U.S.C. § 1692e(5) by attempting to collect a debt discharged in the Harrison Bankruptcy from Mr. Harrison, and by misrepresenting the legal status of the returned check debt to Mr. Harrison, thus threatening to take an action that cannot legally be taken;

    d)    Violation of 15 U.S.C. § 1692f by attempting to collect a debt discharged in the Harrison Bankruptcy from Mr. Harrison, and by misrepresenting the legal status of the returned check debt to Mr. Harrison, thus using unfair or unconscionable means to collect or attempt to collect the returned check debt; and

    e)    Violation of 15 U.S.C. § 1692f(1) by attempting to collect a debt discharged in the Harrison Bankruptcy from Mr. Harrison, and by misrepresenting the legal status of the returned check debt to Mr. Harrison, thus attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

### **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Dustin Harrison requests that the Court grant him the following relief:

1.    Award Plaintiff the maximum amount of statutory damages against each Defendant under the FDCPA, 15 U.S.C. § 1692k;

2.    Award Plaintiff his actual damages against each Defendant under the FDCPA, 15 U.S.C. § 1692k;

3. Award Plaintiff his attorney's fees, litigation expenses and costs as provided for under the FDCPA;

4. A trial by jury; and

5. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**James H. Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
jmckenzie@jmckenzielaw.com
hays@creditdefenseky.com